Luis **ESCOBAR** d/b/a **Tropical Service Center**, Plaintiff-Appellee,

v.

**MOBIL OIL CORPORATION**, Defendant-Appellant.

**No. 714, Docket 81–7744.**

United States Court of Appeals, Second Circuit.

Argued Feb. 10, 1982.

Decided May 5, 1982.

Rehearing Denied June 4, 1982.

William E. Glynn, Hartford, Conn. (Scott P. Moser, Michael C. Poliner, and Day, Berry & Howard, Hartford, Conn., on brief), for defendant-appellant.

Thor L. Crone, Stamford, Conn., for plaintiff-appellee.

Before LUMBARD, NEWMAN and WINTER, Circuit Judges.

PER CURIAM:

Mobil Oil Corporation appeals from an order of the District Court for the District of Connecticut (Ellen Bree Burns, Judge), entered September 17, 1981, preliminarily enjoining Mobil from terminating its business relationship with its franchisee, Luis Escobar, doing business as Tropical Service Center. 522 F.Supp. 594. Judge Burns issued the injunction after concluding that two notices of termination furnished to Escobar by Mobil failed to comply with the notice requirements specified in § 104 of the Petroleum Marketing Practices Act (PMPA), 15 U.S.C. § 2804 (Supp. IV 1980). We vacate the preliminary injunction because we are satisfied that the second notice complies with the PMPA.

Escobar has operated a Mobil station in Norwalk, Connecticut, since 1973. Franchise renewal agreements were signed in early 1980. Thereafter Escobar disputed his liability for a rent increase specified in the 1980 renewal agreements. Judge Burns found that with the exception of one payment in June, rent was not paid during the summer and fall of 1980. On September 11, 1980 Mobil hand-delivered to Escobar a letter purporting to terminate both a retail dealer contract and a service station lease for non-payment of money, including more than $3,000 of past due rent. This notice instructed Escobar to vacate the service station within 48 hours. Upon Escobar's failure to quit the premises, Mobil began a summary process action in the Connecticut Superior Court. That suit was dismissed on procedural grounds. Mobil then mailed to Escobar a second notice, dated November 5, 1980, the sufficiency of which is central to this appeal.

The second notice pointed out that Escobar had remained in possession despite the initial notice of September 11. It then renewed the prior complaint concerning non-payment of rent and added additional grounds for termination, including storage of unregistered and "junk" vehicles on the premises in violation of a specific clause of the lease. Finally, the second notice expressed its effective date in the following language:

> Under the circumstances, we honestly believe that your termination on September 11 could have come as no surprise to you and that our notice to you on September 11, 1980 was legally sufficient and in compliance with the law. If, however, a court of competent jurisdiction should determine that you were entitled to receive 90 days' notice, we will of course abide by the decision. It that case, this letter will serve as a supplemental notice that we intend to terminate your Retail Dealer Contract and Lease Agreement for all of the reasons set forth herein and that the termination will take effect on December 10, 1980 or the earliest other date the court should rule the law requires, but in no event later than 90 days from the date of this letter.

After Mobil began a second summary process action, Escobar countered by filing suit under the PMPA in the state court, and Mobil removed the action to the District Court. Judge Burns ruled that Escobar's non-payment of rent and storage of "junk" cars in violation of the lease afforded Mobil ample grounds under the PMPA to terminate the franchise. 15 U.S.C. §§ 2802(b)(2)(A), (b)(2)(B)(i), and (c)(8). Nevertheless, she ruled that both notices failed to comply with the statutory notice requirements of § 2804. The first notice was deemed insufficient for lack of the normally required 90 days' notice, § 2804(a)(2), and because the statutory exception permitting less than 90 days' notice in circumstances where 90 days' notice "would not be reasonable for the franchisor" was not satisfied, § 2804(b)(1). The second notice was deemed insufficient for failure to specify "the date on which ... termination ... takes effect." § 2804 (c)(3)(B). Judge Burns pointed out that the second notice can be read to indicate four alternative termination dates: September 13 (based on Mobil's expressed view that the first notice remained effective), December 10 (in the event a court considered the first notice to be effective 90 days from its date), whatever date prior to December 10 a court might determine the first notice to become effective, or February 2, 1981, 90 days from the date of the second notice. These four dates, Judge Burns ruled, "really amount to no date at all." 522 F.Supp. at 601.

■ Without expressing any view as to the sufficiency of the first notice,[1] we hold that the second notice gave the required 90 days' notice and that its inclusion of earlier alternative effective dates did not violate the requirement of § 2804(c)(3)(B) that a termination date be specified.[2] The Congressional purpose of assuring that a franchisee be clearly informed of the date on which his franchise is terminated does not require a franchisor to abandon its legal position with respect to the adequacy of an earlier notice. The alternative effective dates in the second notice simply preserved Mobil's rights with respect to the first notice. The second notice told Escobar to quit the premises in 90 days,[3] unless a court upheld an earlier date based upon the first notice. Escobar's right to contest the efficacy of the first notice does not entitle him to avoid the effect of the second notice, which, if his position on the first notice was correct, gave him 90 days' notice. Even under the lenient "fair ground for litigation" standard for preliminary injunctions explicitly provided by the Act, § 2805(b)(2)(A)(ii), the challenge to the second notice did not warrant an injunction.[4]

---

1. Mobil has been so anxious to secure appellate review of the construction it believes Judge Burns placed upon § 2804(b)(1) in holding the first notice insufficient that it focused its brief entirely on its claim that the first notice complied with the Act. After the oral argument, which included some discussion of the second notice, we invited the parties to submit supplemental papers dealing specifically with the sufficiency of the second notice. While a party is free to abandon an issue on appeal, its preference for decision on one ground cannot preclude a court from resting decision on another ground. In view of our disposition of the appeal, we express no view as to the circumstances under which § 2804(b)(1) permits less than 90 days' notice.

2. We recognize that there must be strict compliance with the notice provisions of the PMPA. *See Thompson v. Kerr-McGee Refining Corp.,* 660 F.2d 1380, 1390 (10th Cir. 1981); *Mobil Oil Corp. v. Clark,* 652 F.2d 2, 3 (8th Cir. 1981)

(*per curiam*); *Blankenship v. Atlantic-Richfield Co.,* 478 F.Supp. 1016, 1018 (D.Or.1979). Here the second notice by its express terms specifies a date after which termination of the franchise relationship clearly takes effect. We express no view as to a 90-day notice that includes earlier alternative dates unrelated to preservation of a franchisor's legal position concerning a prior notice.

3. Escobar suggests that since the second notice was sent by mail, its reference to "90 days from the date of this letter" in fact afforded one or two days less than 90 days' notice from the date of the letter's receipt. We think that the 90 days began to run from the date Escobar concedes he received the letter.

4. In upholding the sufficiency of Mobil's second notice, we should not be understood to be permitting franchisors routinely to avoid the normal 90-day notice requirement of § 2804(a) by giving unreasonably short notice and then add-

Accordingly, the injunction is vacated. Since more than one year has elapsed since the effective date of Mobil's second notice, we direct that the mandate issue forthwith.

ing, either in the same notice or in a second notice sent shortly thereafter, that the notice is 90 days in the event that any court invalidates the abrupt notice. We do not regard Mobil's second notice as a ploy to threaten Escobar with abrupt notice and then to secure statutory compliance with the 90-day provision if he balked. The second notice was not sent until nearly two months after the first notice, and followed an initial litigating skirmish between the parties. Moreover, its reference to the 48–hour period of the first notice obviously was not intended to threaten Escobar to leave with-

in that period since that period had long since expired by the time the second notice was sent. In these circumstances the second notice is properly regarded as a 90-day notice with only an attempted reservation of legal rights concerning a much earlier notice. Whether or not the attempt to preserve any rights with respect to the first notice was successful (which we do not determine), the second notice did not warrant entry of an injunction seven months after the expiration of the 90-day period of that notice.